

POSTED ON THE WEBSITE

NOT FOR PUBLICATION

FILED
JUN 2 2 2007
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No. 05-26130-D-13L |
| ) | |
| ) | Docket Control No. MET-2 |
| VERNETTA NORTHCUTT, ) | |
| ) | |
| Debtor. ) | DATE: June 19, 2007 |
| ) | TIME: 1:00 p.m. |
| _____ ) | DEPT: D (Courtroom 34) |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

MEMORANDUM DECISION ON APPLICATION RE:
<u>ADDITIONAL FEES AND EXPENSES IN CHAPTER 13 CASE</u>

Vernetta Northcutt (the "debtor") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code ("Code") on May 19, 2005. The Law Office of Mary Ellen Terranella ("Counsel") has continuously acted as counsel for the debtor and this is Counsel's first fee Application (the "Application") in this case. Counsel did have a prior flat fee of $2,500 approved pursuant to the Guidelines for Payment of Attorneys Fees in Chapter 13 Cases Applicable in the Eastern District of California (the "Fee Guidelines"). The $2,500 flat fee has been paid to Counsel. Through this application Counsel seeks an additional $2,300 in fees and $202.68 in costs.

Although no party has filed opposition to the Application, the court has an independent duty to review all requests for compensation. At the outset the court notes that this is a very

simple, straight forward Chapter 13 case. The docket reflects a most basic Chapter 13 case without complication.

Section 330 of the Bankruptcy Code sets out the standard by which courts should determine the reasonableness of fees under Section 329 and reasonableness is determined by looking at the nature, extent and value of the services rendered. See In re Eliapo 298 B.R. 392, 401 (9th Cir. BAP 2003). Section 330(a)(3) of the Bankruptcy Code states that in determining the amount of reasonable compensation the court should consider the nature, extent, and value of the services rendered, taking account of all relevant factors, including the time spent on the services, the rates charged for the services, and the customary compensation of comparably skilled attorneys in other cases.

The court notes that under the Fee Guidelines in effect at the time this case was filed, the allowed "opt-in" fee for a Chapter 13 case was $2,500 for an individual case and $4,000 for a business case. Although attorneys can "opt-out" of the Fee Guidelines, Counsel did not do so here. Also, there is a general presumption that the amount of attorneys fees provided for in the Fee Guidelines is sufficient to cover the basic attorney services necessary in a routine Chapter 13 case.

The court now turns to the reasonableness of the fees requested in the Application. The court finds that Counsel's hourly rate is reasonable, the services rendered are of good quality, and that services were skillfully performed. With that said, the court does have concerns regarding certain charges for attorney time which work is, in essence, administrative or secretarial in nature. The court disallows the following attorney charges which are for work that is secretarial in nature:

1. On June 20, 2005 Counsel billed .3 hours for "Fax plan to Onyx."

2. On November 9, 2005 Counsel billed .3 hours for "Review insurance info. and fax to Onyx Ascension."

3. On May 7, 2005 Counsel billed .3 hours for "Prepare change of address."

4. On May 9, 2005 Counsel billed .5 hours for "Pull master matrix from PACER and prepare proof of service."

5. On May 9, 2005 Counsel billed .5 hours for "Scan and efile all documents."

6. On June 5, 2005 Counsel billed .2 hours for "Review Request for Notice for Debis."

7. On July 6, 2005 Counsel billed .3 hours for "Letter to client re returned mail."

8. On August 11, 2005 Counsel billed .5 hours for "Review notice from IRS, fax BK info."

9. On September 7, 2005 Counsel billed .5 hours for "Review 2nd notice from IRS & fax BK info."

10. On July 6, 2005 Counsel billed .3 hours for "Letter to client re returned mail."

Accordingly, the fees requested in the Application will be reduced by $740 (3.7 hours x $200 = $740). Fees will be allowed in the amount of $1,560 and costs will be allowed in the amount of $202.68.

A separate order will be entered consistent with this memorandum decision.

Dated: JUN 22 2007

Robert S. Bardwil
United States Bankruptcy Judge

## Certificate of Service

I certify that on ___JUN 2 2 2007___ a copy of the **foregoing document** was mailed to the following:

Office of the US Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812

Mary Ellen Terranella
1652 W Texas St., #222
Fairfield, CA 94533

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT


By: _____
    Deputy Clerk